Hunt, J.,
delivered tbe opinion of tbe court:
Tbis case comes before us on a general demurrer, tbat tbe petition does not set forth a sufficient cause of action
Tbe petitioner prays judgment for tbe sum of $831.50. He alleges tbat be was appointed one of tbe board of bealtb for tbe District of Columbia; tbat be was in tbe enjoyment of tbat office and tbe performance of its duties wben, on tbe 30tb of June, 1874, be was designated and appointed by tbe Secretary of tbe Interior to visit and treat with tbe Indians in tbe Bed Cloud and Whetstone agencies; tbat be entered upon tbe duties of bis appointment on tbe 1st July, 1874, and continued in their discharge until tbe 30th November, 1874, and tbat be has been paid in full for bis services. He complains tbat during tbis period be was not paid bis salary as a member of tbe board of bealtb. He now seeks to. recover tbat salary, upon tbe ground tbat, as a member of tbe board, be was merely acting as a. municipal officer of tbe city of Washington and District of Columbia, and was not an officer of tbe United States, and tbat tbe law denying double compensation to officers of tbe United States does not apply to tbe case of a municipal officer.
Tbe act of Congress of February 21,1871, provides tbat tbe President, with tbe consent of tbe Senate, shall appoint a board of bealtb, consisting of five persons, whose duties are defined. Their salaries were to be paid by tbe government “ at tbe Treasury of tbe United States.”
It has been held tbat under tbis act tbe District of Columbia was created a municipal corporation, and tbat whether its officers and agents were appointed by tbe governor or President, or were elected by tbe people, does not affect tbe question whether they are or are not parts of tbe corporation or’ its agents. (Barnes v. District of Columbia, 91 U. S., 540.) This, ruling is relied on by tbe claimant as removing all objection to» bis right to recover bis salary as a member of tbe board of health during tbe time be acted as an Indian commissioner.
' We do not concur in tbis view. Tbe office of a member of tbe board of bealtb for tbe District of Columbia, although in *514 one sense a municipal office, was yet an office under tfie general government. It was created by an act of Congress, was filled by tfie appointment of tfie President by and witfi tfie advice and consent of tfie Senate, and its salary was to be paid by tfie government at tfie Treasury of tfie United States. Altfiougfi its sphere of duties was local, and limited to tfie municipal corporation created by the act of Congress, it was none tfie less an office under tfie government.
By tfie Bevised Statutes of tfie District of Columbia, section 73, it is provided that no salary shall be paid to any member of tfie board of health who shall hold any Federal office.
Tfie object of this statute is obvious. It seeks to prevent tfie same person from holding two offices at tfie same time and receiving double salaries from tfie public Treasury. That object would be frustrated if tfie claimant in this case should receive fiis salary as an Indian commissioner and also as a member of tfie board of health.
It is therefore ordered, adjudged, and decreed that tfie demurrer be sustained and tfie claimant’s petition be dismissed.
Drake, Cfi. J., was absent when this case was heard, and' took no part in tfie decision.